IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| SALIM OMAR BALOUCH, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. 9:25-CV-216-MJT |
| § | |
| PAMELA BONDI, et. al., § | |
| § | |
| Respondents. § | |
| § | |

### ORDER OVERRULING OBJECTIONS AND ADOPTING
### REPORT AND RECOMMENDATION

This case was referred to United States Magistrate Judge Christine L. Stetson pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case. In accordance with that referral, on September 17, 2025, Magistrate Judge Stetson entered a Report and Recommendation [dkt. 10] on the Petition for Writ of Habeas Corpus. On October 1, 2025, the Respondents filed objections to that report [dkt. 12]. The Court has considered the Report and Recommendation and the Respondent's objections.

NEW EVIDENCE

Respondents' objections incorporate new evidence, including the sworn declaration of Quincy Hodges, III.. Typically, issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge. *See Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001) (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)); *see also Paulson v. TDCJ*, No. 6:22-CV-2-JDK-KNM, 2024 WL 4346376, at *4 (E.D. Tex. Sept. 27, 2024). However, there are "factors that a court should consider in deciding whether to accept

1

additional evidence after a magistrate judge's recommendation has been issued, including: (1) the moving party's reasons for not originally submitting the evidence; (2) the importance of the omitted evidence to the moving party's case; (3) whether the evidence was previously available to the non-moving party when it responded to the [ ] motion; and (4) the likelihood of unfair prejudice to the non-moving party if the evidence is accepted." *Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 862 (5th Cir. 2003); *see also Massachusetts Inst. of Tech. v. Abacus Software, Inc.,* No. CIV-A-501-CV344, 2004 WL 5268124, at *4 (E.D. Tex. Sept. 29, 2004). "Litigants may not, however, use the magistrate judge as a mere sounding-board for the sufficiency of the evidence." *Freeman v. County of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998). It is within the district court's discretion to consider new evidence submitted in support of objections to a magistrate's findings and conclusions. *BHI Energy I Power Services, LLC v. KVP Energy Services, LLC*, No. 3:22-CV-1981-L-BN, 2024 WL 3988828, at *6 (N.D. Tex. Aug. 29, 2024), *aff'd sub nom., BHI Energy I Power Services, L.L.C. v. KVP Holdings, L.L.C.*, No. 24-10899, 2025 WL 1249899 (5th Cir. Apr. 30, 2025).

Respondents note in a footnote in their objections that their new evidence meets the above factors because the declaration proffers facts and information that have come into existence after issuance of the R&R. Although this might be case with regard to the September 29th flight that carried 54 Iranians, Mr. Hodges also stated in the declaration that a total of 104 Iranians have been removed this fiscal year according to their database. He does not state when the other 46 removals took place, which leads the court to believe they were done prior to the hearing in this case such that this information was previously available to the Respondents to present as evidence at the hearing. *See Ruvalcaba v. Angleton Indep. Sch. Dist.*, No. 20-40491, 2022 WL 340592, at *6 (5th Cir. Feb. 4, 2022) ("As we have held under like circumstances where a litigant has 'provid[ed] no

2

reason why it failed to introduce the evidence earlier,' we hold here that the district court clearly did not abuse its discretion in disallowing this evidence."). The court set an evidentiary hearing in this matter to hear evidence from both parties. The Respondents did not put forth any evidence for that hearing. Instead, they have filed two declarations from individuals leaving the Petitioner without the ability to cross-examine either witness. One of the declarants is officed in Houston, Texas, only 90 miles away from the courthouse. [Dkt. 8-1.] This creates unfair prejudice to the Petitioner. Therefore, the Court declines to consider the Respondents' new evidence.

## BURDEN OF PROOF

The Respondents also object that the magistrate judge erred in shifting the burden to Respondents to show likelihood of removal. The Court must agree with Magistrate Judge Stetson's evaluation of the burden shifting in this case. As noted in the Report and Recommendation, this is not your typical first round detainment of an alien awaiting removal. Petitioner was previously detained, then released on supervised release, and his 90-day removal period has long expired. *Zadvydas*, relied upon by Respondents, dealt with the initial detainment of an alien awaiting removal. *Zadvydas v. Davis*, 533 U.S. 678 (2001). After *Zadvydas*, the immigration regulations were revised to implement administrative review procedures for those aliens detained beyond the removal period, including those who are re-detained upon revocation of their supervised release. *See Meighan v. Chertoff*, No. CIV.A. H-08-1222, 2008 WL 1995374, at *2 (S.D. Tex. May 6, 2008) (citing *Continued Detention of Aliens Subject to Final Orders of Removal*, 66 Fed. Reg. 56977 (Nov. 14, 2001) (codified at 8 C.F.R. § 241.13)).

Section 241.13(i)(2) entitled "Revocation for removal" provides that "the Service may revoke an alien's [supervised] release under this section and return the alien to custody if, on account of changed circumstances, *the Service determines* that there is a significant likelihood that

the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2) (emphasis added). Section 241.4(b)(4) entitled "*Service determination under 8 C.F.R. 241.13*" states that, after supervised release under section 241.13, "*if the Service subsequently determines*, because of a change of circumstances, that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future to . . . a third county, the alien shall again be subject to the custody review procedures under this section." 8 C.F.R. § 241.4(b)(4) (emphasis added).

These regulations clearly indicate, upon revocation of supervised release, it is the Service's burden to show a significant likelihood that the alien may be removed. Other cases have indicated the same upon revocation of release. *See Nguyen v. Hyde,* No. 25-cv-11470, 2025 WL 1725791 (D. Mass. June 20, 2025) (finding *Zadvydas* 6-month presumption not applicable where alien is "re-detained" after having been on supervised release and that respondents failed to meet their burden to show a substantial likelihood of removal is now reasonably foreseeable); *Tadros v. Noem*, No. 25-cv-4108, 2025 WL 1678501 (D. N.J. June 13, 2025) (finding 6-month presumption had long lapsed while petitioner was on supervised release and it is respondent's burden to show removal is now likely in the reasonably foreseeable future). Imposing the burden of proof on the alien each time he is re-detained would lead to an unjust result and serious due process implications. And, while the magistrate judge cited both the *Nguyen* and *Tadras* cases in her report and recommendation, Respondents make no effort to distinguish these cases in their objections.

Moreover, even if the initial burden rested, *again,* with the non-citizen detainee to show "good reason" to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Petitioner in this case has met that burden. Petitioner testified at the hearing that he was previously held for nineteen months from 2023 to 2024 without being removed. Now, a year later, he provided evidence that he has been in custody from June 23, 2025, to present

and there have been two more failed attempts to remove him on August 25, 2025, and now October 1, 2025. While the Respondents characterize this as "progress," the Court finds that multiple failed attempts to remove him satisfy the Petitioner's initial burden, if there is one for a revocation of supervised release.

Further, the Court finds Respondents have failed to meet their burden. Thus far, Respondents have only made conclusory statements via written declarations that they are taking steps to remove Petitioner to Iran. At the hearing, counsel for the Respondents stated that Petitioner was on a flight manifest to be removed on October 1, 2025. That date has passed, and to the Court's knowledge, the Petitioner remains in custody in Texas. Now, Respondents allege that "there is potential for another removal flight to Iran in 1-2 weeks." They do not assert that the Petitioner is on a flight manifest for that flight or that he is scheduled to be on the next flight to Iran. Instead, they claim that they believe that his removal is significantly likely in the reasonably foreseeable future. Travel documents are still "pending." "A remote possibility of an eventual removal is not analogous to a significant likelihood that removal will occur in the reasonably foreseeable future." *Kane v. Mukasey*, No. CV B-08-037, 2008 WL 11393137, at *5 (S.D. Tex. Aug. 21, 2008), *superseded by*, 2008 WL 11393094 (S.D. Tex. Sept. 12, 2008) (a new report and recommendation was entered denying the petition as moot because petitioner was deported prior to the order adopting), *R & R adopted*, 2008 WL 11393148 (S.D. Tex. Oct. 7, 2008).

## CONCLUSION

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the Court concludes that the objections are without merit. Accordingly, the Court ADOPTS the magistrate judge's recommendation, OVERRULES the Respondent's objections, and GRANTS the Petition for Writ

of Habeas Corpus. Respondents are ORDERED to release Petitioner subject to an order of supervision in accordance with 8 C.F.R. § 241.5.

A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

**SIGNED this 9th day of October, 2025.**

Michael J. Truncale
United States District Judge